NO. 18304

IN THE COURT OF CIVIL APPEALS FOR THE

SECOND SUPREME JUDICIAL DISTRICT OF TEXAS

FILED
IN SUPREME COURT /ON \L PALMER
OF TEXAS                           CLERK
JUL 18 1980

GARSON R JACKSON CLERK
BY_____DEPUT

MAY 15 1980

JERRY D. CAMERON

AND JO ANN CAMERON                                      APPELLANTS

VS.

TERRELL & GARRETT, INC.                                  APPELLEE

----------

FROM THE DISTRICT COURT OF TARRANT COUNTY

----------

OPINION          B 9609

----------

Jerry D. Cameron and wife, Jo Ann, have appealed a judgment notwithstanding the verdict rendered in favor of Terrell & Garrett, Inc. The Camerons' suit claimed a violation of the Texas Deceptive Trade Practices – Consumer Protection Act, TEX. BUS. & COMM. CODE ANN. sec. 17.41 et seq. (Supp. 1980) (DTPA). The trial court's judgment was on the basis that there was no evidence to support a jury finding that a DTPA violation had occurred under the facts in this case.

We affirm.

The Camerons purchased a house in Arlington, Texas from a third person not a party to this suit or appeal, who had listed the house for sale through Terrell & Garrett. In listing the home for sale, Terrell & Garrett had a summary of information regarding the house published in a Multiple Listing Service guide of the Arlington Board of Realtors which stated that the house had "sq.ft. 2,400". There was expert testimony offered that the abbreviation "sq.ft." in the MLS Guide means square footage which was heated and air conditioned space.

When the Camerons were looking for a house and using the services of their own real estate agent, they found the house in question. Their real estate agent let them look at the MLS guide. According to allegations of the Camerons, based on, among other things, the figure in the listing stating that the house had "sq. ft.

2,400", which they presumed to mean heated and air conditioned space, they ultimately purchased the house. After they had moved in, they had the house appraised. The appraisal showed that the house had only 2,245 square feet of heated and air conditioned space, and that, if one included the garage space taken up by the walls in the house and a porch, the house did have a total of 2,400 square feet of space.

At trial the jury responded to three special issues as follows.

"SPECIAL ISSUE NO. 2.

". . . .

"Do you find from a preponderance of the evidence that the Defendant's representation that the house in question contained two thousand four hundred square feet was false, misleading or deceptive act or practice?

". . . .

"ANSWER: 'We do' or 'We do not.'

"ANSWER: 'We do'

"SPECIAL ISSUE NO. 3

"If you have answered Special Issue No. 2 above 'We do,' and only in such event, then answer this special issue.

"Do you find from a preponderance of the evidence that the Defendant's representation of the quantity of square feet in the house in question was a producing cause of actual damages sustained by the Plaintiffs?

". . . .

"ANSWER: 'We do' or 'We do not.'

"ANSWER: 'We do'

"SPECIAL ISSUE NO. 4.

"If you have answered Special Issue No. 3 above, 'We do,' and only in such event, then answer this special issue.

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the Plaintiffs for their actual damages, if any?

"ANSWER in dollars and cents, if any.

"ANSWER: $3,419.30".

After these findings were made, the Camerons moved for judgment on the verdict and Terrell & Garrett filed a motion to disregard such

findings on the ground that there was no evidence to raise any of these issues nor to support such findings. The trial court sustained the no evidence objections and rendered judgment notwithstanding verdict.

From the record, we find that there is evidence to support each finding We sustain points of error one, two and three. We also sustain Terrell & Garrett's cross point of error complaining of the application of the DTPA to them. For this reason, despite our holding relative to the jury's findings, we conclude that this was not a proper case for the imposition of liability on Terrell & Garrett. We affirm the judgment of the trial court, although the rendition of our judgment is for reasons other than those applied by the trial court.

In this case, Terrell & Garrett acted as the real estate agent for the seller of the house which the Camerons purchased. As such, the common law rules of agent and principal apply. Under the cause of action brought by the Camerons, they seek to impose liability on Terrell & Garrett for an alleged false, misleading or deceptive representation of the number of square feet in the house, based on a listing which Terrell & Garrett placed in a realtor's MLS Guide, which they contend is cognizable under the DTPA. The information which Terrell & Garrett used to formulate the content of the MLS listing was based on data obtained from the seller of the house.

Although an agent is generally not liable for contracts made by him for the benefit of his principal, 2 TEX. JUR. 2d Agency sec. 154 (1959), the agent can be held personally liable to a third person for damages arising out of intentional deceit in procuring such contracts under certain circumstances. 2 TEX. JUR. 2d Agency sec. 168 (1959). In cases where liability attaches, the principal is liable both in contract and in tort. The agent, however, is liable only in tort. The nature of the agent's tort liability has historically been determined based on the characterization of the acts of the agent as either malfeasance or misfeasance, on one hand, where liability was imposed;

-3-

and nonfeasance, on the other hand, where the agent escaped liability. Annot., 20 A.L.R. 97, 100 (1922). This analysis has proved difficult to work with and unsatisfactory. Accordingly, commentators have indicated that the primary consideration to be made in the determination of the agent's liability is the issue of whether the agent owed any duty to the injured third party. Annot., 20 A.L.R. 97, 100-101 (1922); 99 A.L.R. 408 (1935).

Thus, an agent will not be personally liable for damages for deceit if he honestly believes that the representations made to him to induce the third party purchaser to contract were true. Wimple v. Patterson, 117 S.W. 1034, 1035 (Tex. Civ. App. 1909, no writ). It is clear that an agent is entitled to rely in good faith upon the information supplied to him by a principal concerning something which the principal seeks to sell. If any misrepresentations about the item to be sold are made by the seller to his agent, and the agent is unaware of these misrepresentations, he is not liable to a third person injured by such misrepresentations. The agent becomes liable to an injured third party only (1) if he is put on actual notice of the misrepresentations; (2) if in the exercise of attempting to verify the representations of the seller the agent determines that the representations are false and continues to make such representations with knowledge of the falsity of them; or (3) if the agent undertakes to verify the accuracy of the principal's representations and because of negligence on his own part fails to uncover some evidence of misrepresentation which he either would have discovered had he completed his investigation or which, under the same or similar circumstances, a reasonable person acting as an agent would discover. Dr. Salsbury's Laboratories v. Bell, 386 S.W.2d 341 (Tex. Civ. App.--Dallas 1964, writ dism'd). This represents an analysis of whether the agent owes any duty to an injured third party relative to a sale, and whether by virtue of any misrepresentation, the agent violates that duty.

None of the three conditions creating liability apply to Terrell & Garrett. There is no evidence that Terrell & Garrett was put on

actual notice of any misrepresentation, nor is there any evidence that it undertook to verify the accuracy of the seller's representation that the house did, in fact, have 2,400 square feet of heated and air conditioned space. In addition, we hold that the fact that the house had only 2,245 square feet of heated and air conditioned space was not so large a difference from 2,400 square feet to reach the proportions where Terrell & Garrett were put on inquiry notice imposing on them a duty to investigate further. Terrell & Garrett were under no duty to verify the information given to it by the seller, and it was entitled to rely on such information, subject only to the three conditions creating liability listed above. Based on this reliance, since none of the three conditions creating liability apply, Terrell & Garrett were not liable for any misrepresentation with regard to the number of square feet in the house under the facts of this case.

To hold otherwise would be to destroy what, if anything, remains left of the doctrine of caveat emptor, which we apply here. The only thing which would cause us to alter our holding would be if the common law doctrines of agency or caveat emptor have been altered, repealed or replaced by statute. Texas has received the common law of England, and that common law remains the law of the land unless changed by the legislature. TEX. REV. CIV. STAT. ANN. art. 1 (1969).

In considering any potential changes, we must consider the effect of the adoption of the DTPA on the common law as we have applied it herein. The DTPA has changed many areas of the common law with respect to torts, particularly in the areas of fraud, deceit and misrepresenttion, but we do not feel that the DTPA has gone so far as to alter the law of agency as applied in this case. The DTPA still requires that where a non-insurance related claim is involved, an injured party must be a "consumer", as that term is applied in the DTPA. TEX. BUS. & COMM. CODE sec. 17.50(a) (Supp. 1980). Implicit in the determination of whether one is a consumer is what privity, if any, exists between the consumer and the defendant in the DTPA suit. Although the requirement of privity has been held to be inapplicable

in many instances under the DTPA, we note that the areas where such a requirement has been held not to exist are ones where the defendant is a prior grantor in the chain of title, Mitchell v. Webb, 591 S.W.2d 547 (Tex. Civ. App.--Fort Worth 1979, no writ) and Nobility Homes of Texas, Inc., v. Shivers, 557 S.W.2d 77 (Tex. 1977), or where the defendant is a principal, and not an agent, in a course of dealings where had the dealings run their ultimate course, the resulting situation would have created a contract where the parties would be in privity. TEX. BUS. & COMM. CODE ANN. sec. 17.45(4) (Supp. 1980).

These privity considerations involve people who are either in the chain of title or who had the potential to become part of the chain of title. This differs from a party such as Terrell & Garrett, who acted as an agent, and who did not have even the potential of becoming a party in the chain of title to the house. For this reason, we conclude that the DTPA did not alter the common law with respect to agents, and we apply the law of caveat emptor to the relationship between the Camerons and Terrell & Garrett. The Camerons saw the house, had an opportunity to inspect it and compare it against the figures in the MLS Guide and based on their inspection and comparison, bought it. Therefore, they cannot now be heard to complain of any misrepresentations made to them in the sale of the house. As the old maxim says: "Let the buyer beware." This is a proper case for the application of that doctrine.

In this opinion we do not pass on the propriety of any lawsuit founded on liability between the Camerons and the seller of the house, as the seller of the house is not a party to this suit. It appears, however, that if the Camerons did have any cause of action, either at common law or under the DTPA, it would have been against the seller of the house. However, we leave the determination of that issue to another place and time.

The judgment of the trial court is affirmed.

W. A. HUGHES, JR., JUSTICE.

MAY 15 1980

-6-

THE STATE OF TEXAS §
§
.COUNTY OF TARRANT §

I, Yvonne Palmer, Clerk of the Court of Civil

Appeals in and for the Second Supreme Judicial District of

Texas, certify that the foregoing is a full, true and correct

copy of the opinion delivered by said Court on the 15th day

of ___May___, 19 80, in the above numbered and

entitled cause.

Given under my hand and seal of the Court of

Civil Appeals on this 14th day of July, 19 80.

YVONNE PALMER, CLERK

No. 18304

JERRY D. CAMERON AND
JO ANN CAMERON
vs.

TERRELL & GARRETT, INC.

From Tarrant County

CERTIFIED COPY OF OPINION

From the

# Court of Civil Appeals

SECOND DISTRICT
AT FORT WORTH