

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-07-133-CV

---

MARK ROTELLA CUSTOM HOMES, INC.          APPELLANTS
D/B/A BENCHMARK CUSTOM HOMES
AND MARK DAVID ROTELLA


V.


JOAN CUTTING          APPELLEE

------------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In four issues, Appellants Mark Rotella Custom Homes, Inc. d/b/a Benchmark Custom Homes ("MRCH") and Mark David Rotella assert that the trial court (1) erred as a matter of law in granting summary judgment, (2)

---

[1]*See* TEX. R. APP. P. 47.4.

abused its discretion in denying MRCH and Rotella's Motion for New Trial, (3) erred in holding Rotella vicariously, jointly, and severally liable with MRCH, and (4) erred in finding intent where the record is absent of any such evidence.

## II. Factual and Procedural Background

This is the second case before this court wherein it is asserted by MRCH and Rotella that they did not receive adequate notice of a hearing. *See Benchmark Homes v. Baker*, No. 2-07-138-CV, 2008 WL 281540 (Tex. App.—Fort Worth Jan. 31, 2008, no pet. h.) (mem. op.).

On November 7, 2001, MRCH and Rotella executed a residential construction agreement with Appellee Joan Cutting to construct a custom home for Cutting. Rotella is the sole shareholder, president, and sole employee of MRCH, which did construct the residence.

On April 14, 2005, Cutting sued MRCH, and Rotella, individually, for improper and unscrupulous billing practices, and for the defective construction of her home, which included more than three hundred defects and fifty code violations.

Cutting filed two motions for summary judgment in January 2007, which were set for hearing on February 14, 2007. Cutting sent the motions and notice of the hearing to MRCH and Rotella through certified mail, return receipt requested. MRCH and Rotella contend that they did not receive the summary

judgment motions or notice of any hearing from opposing counsel.  The notices were returned to Cutting as unclaimed, and Rotella did not attend.[2]

Following the hearing, the trial court granted both motions for summary judgment and awarded Cutting the following:

1) $1,233,514.60 in actual damages;

2) $1,437,672.66 in treble damages pursuant to Section 17.50 of the Texas Business and Commerce Code;[3]

3) $336,342.59 in reasonable and necessary attorneys' fees, plus an additional amount if this matter is appealed;

4) $191,819.95 in prejudgment interest through February 7, 2007, computed at the rate of 8.25 percent, and further accruing thereafter at the rate of $278.81 per day until the date this judgment is signed;

5) Postjudgment interest at the maximum rate allowed by law from the date this judgment is signed until it is satisfied; and

6) costs of court.

The trial court also ordered MRCH and Rotella to take nothing on their counterclaim, dismissed all of their affirmative defenses, and held that MRCH and Rotella were jointly and severally liable on all claims asserted by Cutting.

---

[2]Rotella's trial counsel withdrew on January 12, 2007, and Rotella did not retain new counsel until March 2007.

[3] TEX. BUS. & COM. CODE ANN. § 17.50 (Vernon Supp. 2007).

3

On March 16, 2007, MRCH and Rotella filed a motion for new trial. The trial court denied the motion and found that MRCH and Rotella had notice of the motions for summary judgment and the hearing on the motions. This appeal followed.

### III. Standard of Review

The determination of a motion for new trial is within the trial court's discretion, and the court's ruling will not be disturbed on appeal in the absence of a showing that the trial court abused its discretion. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*. An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). Nor does an abuse of discretion

4

occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

## IV. Notice

In their first and second issues, MRCH and Rotella assert that the trial court erred in granting Cutting's Motions for Summary Judgment and in denying MRCH and Rotella's motion for new trial because evidence showing a lack of notice established that MRCH and Rotella's failure to respond to the motions for summary judgment was neither intentional nor the result of conscious indifference. We disagree.

### A. The Law Regarding Notice

This court has discussed this area of the law recently in *Etheredge v. Hidden Valley Airpark Association*, *Inc.,* 169 S.W.3d 378 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g).

> The Texas Rules of Civil Procedure require motions for summary judgment and notices of hearings to be served on all parties of record. TEX. R. CIV. P. 21, 166a(c). Rule 166a gives the nonmovant the right to have minimum notice of the hearing on a motion for summary judgment. *See Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994). Lack of notice to the nonmovant of the summary judgment hearing violates the nonmovant's due process rights. *See Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.—Fort Worth 1996, no writ) (citing *Peralta v. Heights Med. Ctr., Inc*., 485 U.S. 80, 84-85, 108 S. Ct. 896, 899, 99 L. Ed. 2d 75 (1988); *Lopez v. Lopez*, 757 S.W.2d 721, 723

5

(Tex. 1988); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ)).

A document may be served on a party by delivering a copy via certified or registered mail to the party's last known address. TEX. R. CIV. P. 21a. Service by mail is complete upon deposit of the document, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. *Id*. A certificate by a party or an attorney of record is prima facie evidence of the fact of service. *Id*. Accordingly, Rule 21a creates a presumption that a notice of hearing setting, when properly mailed, was received by the addressee. *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

However, the opposing party may rebut this presumption by offering proof that the notice or document was not received. *Id*.; *see also* TEX. R. CIV. P. 21a ("Nothing [in Rule 21a] shall preclude any party from offering proof that the notice or instrument was not received. . . ."). . . .

. . . "[I]mplicit in the concept of service is the need for the party upon whom an item is served to actually receive it." *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.); *see also Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 928 (Tex. 1999) (concluding that nonmovant had not been served with motion of nonsuit when presumption of receipt raised by certificate of service was rebutted by evidence of nonreceipt). If not, "then there would be no reason for those who drafted Rule 21a to state that nothing precluded a party from establishing non-receipt." *Payton*, 29 S.W.3d at 898. Accordingly, a notice of hearing setting sent by certified mail and returned "unclaimed" does not provide the notice required by Rule 21a. *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 764 (Tex. App.—Dallas 2004, pet. denied); *see also Payton*, 29 S.W.3d at 898-99 (holding that trial court did not err in refusing to deem unanswered requests for admissions admitted because requests had been returned to sender unclaimed); *Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 197 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (holding that motion for summary judgment and notice of motion's submission sent by certified mail but returned unclaimed did not provide nonmovant with due notice).

6

Even when a party does not receive actual notice, if the serving party has complied with the requirements of Rule 21a, "constructive notice" may be established if the serving party presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case, *see Gonzales v. Surplus Ins. Servs*., 863 S.W.2d 96, 102 (Tex. App.—Beaumont 1993, writ denied), *overruled on other grounds*, *Carpenter v. Cimarron Hydrocarbons Corp*., 98 S.W.3d 682 (Tex. 2002), or that the intended recipient refused all deliveries of certified mail, *see Roberts v. Roberts*, 133 S.W.3d 661, 663 (Tex. App.—Corpus Christi 2003, no pet.).

*Id*. at 381-82.

In sum, we hold that the proper procedure in a case such as this is potentially a four-step process. First, the party claiming that notice was given must demonstrate to the court the method and manner of actual service. Second, the party asserting that no service was obtained must present evidence to the court that no actual service was had. Third, if the party claiming notice is asserting constructive notice, that party must evidence that to the court, including evidence of selective refusal of service or a total refusal of service. Fourth, we hold that if the first three steps have been met, the party asserting a lack of service must then explain, if possible, why the apparent selective acceptance or refusal of service does not constitute "constructive service" under 21a.

7

**B. Analysis**

In Rotella's affidavit filed in connection with the Motion for New Trial, he states,

> I have not received delivery of any Motions for Summary Judgment from opposing counsel, nor have I received delivery of any Notice advising of a date that such Motions would be heard. I was unaware of the date of any such proceedings.

The following evidence was presented in support of Cutting's Response to Defendants' Motion for New Trial, Reconsideration, and Rule 21b Sanctions:

> (a) Rotella and MRCH's address during the time period in question was 2 Hunter's Ridge Lane, Trophy Club, Texas 76262-5653.
>
> (b) Some 24 pleadings, notices, and discovery related instruments were mailed to Rotella's Trophy Club address on January 5, January 10, January 12, January 16, January 19, January 30, February 22, and March 5, 2007. All were returned "unclaimed." Among these items were Plaintiff's Motion for Summary Judgment and Brief in Support Thereof, Notice of Hearing on Plaintiff's Motion for Summary Judgment and Brief in Support Thereof (both sent January 12, 2007), Plaintiff's Second Motion for Summary Judgment and Brief in Support Thereof and Notice of Hearing on Plaintiff's Second Motion for Summary Judgment and Brief in Support Thereof (both sent January 16, 2007).
>
> (c) An affidavit of Michael Ysasga, former counsel for Rotella, which stated in part "In the past, Mr. Rotella has accepted service and delivery at the Hunter's Ridge address, and he has signed and returned certified mail, return receipt green cards at this same address. At no time, did Mr. Rotella ever inform me that he had moved or that he had a forwarding address."
>
> (d) The Amended Order Granting Plaintiff Joan Cutting's Second Motion for Summary Judgment, signed February 14, 2007, finding

8

that "Despite having been given all due and proper notice of the hearing, the Rotella Defendants did not appear through counsel or otherwise."

(e) The two summary judgment motions and accompanying notices contained certificates of service indicating that they were mailed by certified mail, return receipt requested on January 12 and January 16, 2007, respectively, to Rotella and MRCH at 2 Hunter's Ridge Lane, Trophy Club, Texas 76262-5653.

## C. Application

Applying our previously discussed four-step process, first, we observe that Cutting's two motions for summary judgment and hearing notices were presumptively served via certified mail when they were deposited with the United States Postal Service with supporting certificates. Second, this presumption of actual service was rebutted by Rotella's affidavit. Third, Cutting demonstrated to the court that Rotella, and MRCH through Rotella, had both selectively refused service, in that Rotella and MRCH had accepted service regarding the suit from Rotella and MRCH's prior counsel, but totally refused service regarding the 24 items (set out above) that were sent by Cutting. Fourth, Rotella offered nothing at the hearing on the motion for new trial, or at any other time, to explain the apparent selective acceptance and total refusal of service.

Rotella and MRCH cite *Tanksley v. Citicapital Commercial Corp.*, 145 S.W.3d 760, 761 (Tex. App.–Dallas 2004, pet. denied), to support their failure-

9

of-notice issues one and two. However, this case addresses only steps one and two of our four-step process, and as such is inapplicable. They also urge with respect to issue number one that the *Craddock* factors should apply, which is disputed by Cutting. *See generally Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (1939). Assuming, without deciding, that *Craddock* should apply, it is of no help to Rotella and MRCH. The record reveals no evidence that their failure to appear or respond was the result of accident or mistake; and in fact, established that Rotella and MRCH's lack of notice was due to selective and total refusal to accept service.

Under these circumstances, we hold that the trial court did not err in its Amended Order Granting Plaintiff Joan Cutting's Second Motion for Summary Judgment, signed February 14, 2007, finding that "Despite having been given all due and proper notice of the hearing, the Rotella Defendants did not appear through counsel or otherwise." We further hold that the trial court did not abuse its discretion in denying Rotella and MRCH's motion for new trial. Rotella and MRCH's first and second issues are overruled.

## V. Joint and Several Liability

In his third point, Rotella complains that the trial court erred in holding him jointly and severally liable with MRCH. Specifically, Rotella asserts that (1) he was not in privity with the contract between MRCH and Cutting, (2) that he

10

was a disclosed agent of his principal, MRCH, and as such cannot be held liable for his principal's actions, and (3) there was no pleading or finding to make him vicariously liable for MRCH's actions.

These arguments are without merit. In the Addendum to the Abbreviated Form of Agreement Between Owner and Contractor, which references the contract to build Cutting's residence, the opening paragraph indicates that the addendum amends, supplements, and modifies the contract. Paragraph fourteen reads, "Guaranty. The undersigned hereby guarantees the performance of Contractor under this Contract," and is followed by Rotella's signature above his typed name. Therefore, with respect to the contract cause of action, Rotella is liable because he personally guaranteed performance under the contract and the liability of the guarantor is equal to that of the principal. *Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1321 (5th Cir. 1992), *cert. denied*, 506 U.S. 1048 (1993). With regard to the tort causes of action, an agent is liable for his own torts, even if acting as an agent, including fraudulent acts. *Kingston v. Helm*, 82 S.W.3d 755, 758-59 (Tex.

11

App.—Corpus Christi 2002, pet. denied);[4] *Cameron v. Terrell & Garrett, Inc.*, 599 S.W.2d 680, 682 (Tex. Civ. App.—Fort Worth 1980),[5] *rev'd on other grounds*, 618 S.W.2d 535 (Tex. 1981); *Whitson Co. v. Bluff Creek Oil Co.*, 278 S.W.2d 339, 347 (Tex. Civ. App.—Fort Worth 1955),[6] *aff'd*, 293 S.W.2d 488 (Tex. 1956). Because Rotella concedes that he was MRCH's agent, his contention that he cannot be liable for the tort causes of action is erroneous. Rotella's third issue is overruled.

## VI. Fraudulent Intent

In his final issue, Rotella complains that the record is devoid of any evidence of fraudulent inten,t and hence, the fraud and knowing violation of the DTPA claims must be reversed.

---

[4] "'A corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.' The law is well-settled that a corporate agent can be held individually liable for fraudulent statements or knowing misrepresentations even when they are made in the capacity of a representative of the corporation." *Kingston*, 82 S.W.3d at 758-59 (citations omitted).

[5] "Although an agent is generally not liable for contracts made by him for the benefit of his principal, the agent can be held personally liable to a third person for damages arising out of intentional deceit in procuring such contracts under certain circumstances. In cases where liability attaches, the principal is liable both in contract and in tort. The agent, however, is liable only in tort." *Cameron*, 599 S.W.3d at 682 (citations omitted).

[6] "[A]n agent is always primarily liable for his own torts despite the fact that his principal is likewise responsible by and through him under the doctrine of respondeat superior . . . ." *Whitson Co.*, 278 S.W.2d at 347.

12

In his brief, however, Rotella fails to cite to the record or to any authority in support of this contention. We are mindful that appellate briefing is to be construed liberally. *Howeth Inves., Inc v. White*, 227 S.W.3d 205, 212 (Tex. App.–Houston [1st Dist.] 2007, no pet.). However, as one of our sister courts has noted,

> . . . [P]ursuant to the Rules of Appellate Procedure, [a] brief must contain a clear and accurate statement of the arguments made in the body of the brief with appropriate citations to authorities and to the record. Rule 38 requires [Appellant] to provide this Court with such discussion of the facts and the authorities relied upon as may be requisite to maintain [his] point at issue. Brief, conclusory statements, unsupported by argument or citation to legal authority, are insufficient to comply with these requirements and present nothing for this Court to review.

*Martinez v. Leeds*, 218 S.W.3d 845, 848-49 (Tex. App.—El Paso 2007, no pet.) (citations omitted).

Because Rotella has presented nothing for this court to review, we overrul issue four.

13

## VII.  Conclusion

Having overruled issues one and two presented by Rotella and MRCH, and having overruled Rotella's third issue and held that his fourth issue presented nothing for review, we affirm the judgment of the trial court.


BOB MCCOY
JUSTICE

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED: March 6, 2008