COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-133-CV

 

 

MARK ROTELLA CUSTOM
HOMES, INC.                        APPELLANTS

D/B/A BENCHMARK CUSTOM
HOMES 

AND MARK DAVID ROTELLA

                                                                                                        

                                                   V.

 

JOAN CUTTING                                                                     APPELLEE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

------------

I. 
Introduction








In four issues, Appellants Mark Rotella Custom
Homes, Inc. d/b/a Benchmark Custom Homes (AMRCH@) and
Mark David Rotella assert that the trial court (1) erred as a matter of law in granting
summary judgment, (2) abused its discretion in denying MRCH and Rotella=s Motion
for New Trial, (3) erred in holding Rotella vicariously, jointly, and severally
liable with MRCH, and (4) erred in finding intent where the record is absent of
any such evidence.

II. 
Factual and Procedural Background

This is the second case before this court wherein
it is asserted by MRCH and Rotella that they did not receive adequate notice of
a hearing.  See Benchmark Homes v. Baker,
No. 2-07-138-CV, 2008 WL 281540 (Tex. App.CFort
Worth Jan. 31, 2008, no pet. h.) (mem. op.).

On November 7, 2001, MRCH and Rotella executed a
residential construction agreement with Appellee Joan Cutting to construct a
custom home for Cutting.  Rotella is the
sole shareholder, president, and sole employee of MRCH, which did construct the
residence.

On April 14, 2005, Cutting sued MRCH, and
Rotella, individually, for improper and unscrupulous billing practices, and for
the defective construction of her home, which included more than three hundred
defects and fifty code violations.








Cutting filed two motions for summary judgment in
January 2007, which were set for hearing on February 14, 2007.  Cutting sent the motions and notice of the
hearing to MRCH and Rotella through certified mail, return receipt
requested.  MRCH and Rotella contend that
they did not receive the summary judgment motions or notice of any hearing from
opposing counsel.  The notices were
returned to Cutting as unclaimed, and Rotella did not attend.[2]


Following the hearing, the trial court granted
both motions for summary judgment and awarded Cutting the following:

1) $1,233,514.60 in
actual damages;

 

2) $1,437,672.66 in
treble damages pursuant to Section 17.50 of the Texas Business and Commerce
Code;[3]

 

3) $336,342.59 in
reasonable and necessary attorneys= fees, plus an additional amount if this matter
is appealed;

 

4) $191,819.95 in
prejudgment interest through February 7, 2007, computed at the rate of 8.25
percent, and further accruing thereafter at the rate of $278.81 per day until
the date this judgment is signed;

 

5) Postjudgment interest
at the maximum rate allowed by law from the date this judgment is signed until
it is satisfied; and 

 

6) costs of court.

 

The trial court also ordered MRCH and Rotella to take nothing on their
counterclaim, dismissed all of their affirmative defenses, and held that MRCH
and Rotella were jointly and severally liable on all claims asserted by
Cutting.








On March 16, 2007, MRCH and Rotella filed a
motion for new trial.  The trial court
denied the motion and found that MRCH and Rotella had notice of the motions for
summary judgment and the hearing on the motions.  This appeal followed.

III. 
Standard of Review








The determination of a motion for new trial is
within the trial court=s discretion, and the court=s ruling
will not be disturbed on appeal in the absence of a showing that the trial
court abused its discretion.  Dir.,
State Employees Workers= Comp.
Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court=s
action.  Rather, it is a question of
whether the court acted without reference to any guiding rules and
principles.  Another way of stating the
test is whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).  The mere fact that a trial court
may decide a matter within its discretionary authority in a different manner
than an appellate court in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.  Id.  An abuse of discretion does not exist where
the trial court bases its decisions on conflicting evidence.  Davis v. Huey, 571 S.W.2d 859, 862
(Tex. 1978).  Nor does an abuse of
discretion occur as long as some evidence of substantive and probative
character exists to support the trial court=s
decision.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 211 (Tex. 2002).

IV.  Notice

In their first and second issues, MRCH and
Rotella assert that the trial court erred in granting Cutting=s
Motions for Summary Judgment and in denying MRCH and Rotella=s motion
for new trial because evidence showing a lack of notice established that MRCH
and Rotella=s failure to respond to the
motions for summary judgment was neither intentional nor the result of
conscious indifference.  We disagree.

A.  The Law
Regarding Notice

This court has discussed this area of the law
recently in Etheredge v. Hidden Valley Airpark Association, Inc., 169
S.W.3d 378 (Tex. App.CFort Worth 2005, pet. denied)
(op. on reh=g).








The Texas Rules of Civil Procedure require motions for summary
judgment and notices of hearings to be served on all parties of record.  Tex.
R. Civ. P. 21,  166a(c).  Rule 166a gives the nonmovant the right to
have minimum notice of the hearing on a motion for summary judgment.  See Lewis v. Blake, 876 S.W.2d 314,
315 (Tex. 1994).  Lack of notice to the
nonmovant of the summary judgment hearing violates the nonmovant=s due process rights.  See Smith v. Mike Carlson Motor Co.,
918 S.W.2d 669, 672 (Tex. App.CFort Worth 1996, no writ) (citing Peralta v.
Heights Med. Ctr., Inc., 485 U.S. 80, 84‑85, 108 S. Ct. 896, 899, 99
L. Ed. 2d 75 (1988); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988); Mosser
v. Plano Three Venture, 893 S.W.2d 8, 12 (Tex. App.CDallas 1994, no writ)).

A document may be served on a party by delivering a copy via certified
or registered mail to the party=s last known address.  Tex.
R. Civ. P. 21a.  Service by mail
is complete upon deposit of the document, enclosed in a postpaid, properly
addressed wrapper, in a post office or official depository under the care and
custody of the United States Postal Service. 
Id.  A certificate by a
party or an attorney of record is prima facie evidence of the fact of
service.  Id. Accordingly, Rule
21a creates a presumption that a notice of hearing setting, when properly
mailed, was received by the addressee.  See
Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987).

However, the opposing party may rebut this presumption by offering
proof that the notice or document was not received.  Id.; see also Tex. R. Civ. P. 21a (ANothing [in Rule 21a]
shall preclude any party from offering proof that the notice or instrument was
not received. . . .@). . . . 

. . . A[I]mplicit in the concept
of service is the need for the party upon whom an item is served to actually
receive it.@  Payton v. Ashton, 29 S.W.3d 896, 898
(Tex. App.CAmarillo 2000, no pet.); see
also Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 928 (Tex. 1999)
(concluding that nonmovant had not been served with motion of nonsuit when
presumption of receipt raised by certificate of service was rebutted by
evidence of nonreceipt).  If not, Athen there would be no
reason for those who drafted Rule 21a to state that nothing precluded a party
from establishing non‑receipt.@  Payton,
29 S.W.3d at 898.  Accordingly, a notice
of hearing setting sent by certified mail and returned Aunclaimed@ does not provide the
notice required by Rule 21a.  Tanksley
v. CitiCapital Commercial Corp., 145 S.W.3d 760, 764 (Tex. App.CDallas 2004, pet.
denied); see also Payton, 29 S.W.3d at 898‑99 (holding that trial
court did not err in refusing to deem unanswered requests for admissions
admitted because requests had been returned to sender unclaimed); Rabie v.
Sonitrol of Houston, Inc., 982 S.W.2d 194, 197 (Tex. App.CHouston [1st Dist.] 1998,
no pet.) (holding that motion for summary judgment and notice of motion=s submission sent by
certified mail but returned unclaimed did not provide nonmovant with due
notice).








Even when a party does not receive actual notice, if the serving party
has complied with the requirements of Rule 21a, Aconstructive notice@ may be established if
the serving party presents evidence that the intended recipient engaged in
instances of selective acceptance or refusal of certified mail relating to the
case, see Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96, 102 (Tex. App.CBeaumont 1993, writ
denied), overruled on other grounds, Carpenter v. Cimarron
Hydrocarbons Corp., 98 S.W.3d 682 (Tex. 2002), or that the intended
recipient refused all deliveries of certified mail, see Roberts v. Roberts,
133 S.W.3d 661, 663 (Tex. App.CCorpus Christi 2003, no pet.).   

 

Id. at 381-82. 

In sum, we hold that the proper procedure in a
case such as this is potentially a four-step process.  First, the party claiming that notice was
given must demonstrate to the court the method and manner of actual
service.  Second, the party asserting
that no service was obtained must present evidence to the court that no actual
service was had.  Third, if the party
claiming notice is asserting constructive notice, that party must evidence that
to the court, including evidence of selective refusal of service or a total
refusal of service.  Fourth, we hold that
if the first three steps have been met, the party asserting a lack of service
must then explain, if possible, why the apparent selective acceptance or
refusal of service does not constitute Aconstructive
service@ under
21a.  

 

 








B. 
Analysis 

In Rotella=s
affidavit filed in connection with the Motion for New Trial, he states,

I have not received
delivery of any Motions for Summary Judgment from opposing counsel, nor have I
received delivery of any Notice advising of a date that such Motions would be
heard.  I was unaware of the date of any
such proceedings.

 

The following evidence was presented in support
of Cutting=s Response to Defendants= Motion
for New Trial, Reconsideration, and Rule 21b Sanctions: 

(a) Rotella and MRCH=s address during the time
period in question was 2 Hunter=s Ridge Lane, Trophy Club, Texas 76262-5653.

 

(b) Some 24 pleadings,
notices, and discovery related instruments were mailed to Rotella=s Trophy Club address on
January 5, January 10, January 12, January 16, January 19, January 30, February
22, and March 5, 2007.   All were
returned Aunclaimed.@  Among these items were Plaintiff=s Motion for Summary
Judgment and Brief in Support Thereof, Notice of Hearing on Plaintiff=s Motion for Summary
Judgment and Brief in Support Thereof (both sent January 12, 2007), Plaintiff=s Second Motion for
Summary Judgment and Brief in Support Thereof and Notice of Hearing on
Plaintiff=s Second Motion for Summary
Judgment and Brief in Support Thereof (both sent January 16, 2007).

 

(c) An affidavit of
Michael Ysasga, former counsel for Rotella, which stated in part AIn the past, Mr. Rotella
has accepted service and delivery at the Hunter=s Ridge address, and he
has signed and returned certified mail, return receipt green cards at this same
address.  At no time, did Mr. Rotella
ever inform me that he had moved or that he had a forwarding address.@

 








(d) The Amended Order
Granting Plaintiff Joan Cutting=s Second Motion for Summary Judgment, signed
February 14, 2007, finding that ADespite having been given all due and proper
notice of the hearing, the Rotella Defendants did not appear through counsel or
otherwise.@

 

(e) The two summary
judgment motions and accompanying notices contained certificates of service
indicating that they were mailed by certified mail, return receipt requested on
January 12 and January 16, 2007, respectively, to Rotella and MRCH at 2 Hunter=s Ridge Lane, Trophy
Club, Texas 76262-5653.  

 

C. 
Application

Applying our previously discussed four-step
process, first, we observe that Cutting=s two
motions for summary judgment and hearing notices were presumptively served via
certified mail when they were deposited with the United States Postal Service
with supporting certificates.  Second,
this presumption of actual service was rebutted by Rotella=s
affidavit.  Third, Cutting demonstrated
to the court that Rotella, and MRCH through Rotella, had both selectively
refused service, in that Rotella and MRCH had accepted service regarding the
suit from Rotella and MRCH=s prior
counsel, but totally refused service regarding the 24 items (set out above)
that were sent by Cutting.  Fourth,
Rotella offered nothing at the hearing on the motion for new trial, or at any
other time, to explain the apparent selective acceptance and total refusal of
service.  








Rotella and MRCH cite Tanksley v. Citicapital
Commercial Corp., 145 S.W.3d 760, 761 (Tex. App.BDallas
2004, pet. denied), to support their failure-of-notice issues one and two.  However, this case addresses only steps one
and two of our four-step process, and as such is inapplicable.  They also urge with respect to issue number
one that the Craddock factors should apply, which is disputed by
Cutting.  See generally Craddock v.
Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (1939).  Assuming, without deciding, that Craddock should
apply, it is of no help to Rotella and MRCH. 
The record reveals no evidence that their failure to appear or respond
was the result of accident or mistake; and in fact, established that Rotella
and MRCH=s lack
of notice was due to selective and total refusal to accept service.  

Under these circumstances, we hold that the trial
court did not err in its Amended Order Granting Plaintiff Joan Cutting=s Second
Motion for Summary Judgment, signed February 14, 2007, finding that ADespite
having been given all due and proper notice of the hearing, the Rotella
Defendants did not appear through counsel or otherwise.@  We further hold that the trial court did not
abuse its discretion in denying Rotella and MRCH=s motion
for new trial.  Rotella and MRCH=s first
and second issues are overruled.

V.  Joint
and Several Liability 








In his third point, Rotella complains that the
trial court erred in holding him jointly and severally liable with MRCH.  Specifically, Rotella asserts that (1) he was
not in privity with the contract between MRCH and Cutting, (2) that he was a
disclosed agent of his principal, MRCH, and as such cannot be held liable for
his principal=s actions, and (3) there was no
pleading or finding to make him vicariously liable for MRCH=s
actions.








These arguments are without merit.  In the Addendum to the Abbreviated Form of
Agreement Between Owner and Contractor, which references the contract to build
Cutting=s
residence, the opening paragraph indicates that the addendum amends,
supplements, and modifies the contract. 
Paragraph fourteen reads, AGuaranty.  The undersigned hereby guarantees the
performance of Contractor under this Contract,@ and is
followed by Rotella=s signature above his typed
name.  Therefore, with respect to the
contract cause of action, Rotella is liable because he personally guaranteed
performance under the contract and the liability of the guarantor is equal to
that of the principal.  Resolution
Trust Corp. v. Northpark Joint Venture, 958 F.2d 1313, 1321 (5th Cir.
1992), cert. denied, 506 U.S. 1048 (1993).  With regard to the tort causes of action, an
agent is liable for his own torts, even if acting as an agent, including
fraudulent acts.  Kingston v. Helm,
82 S.W.3d 755, 758-59 (Tex. App.CCorpus
Christi 2002, pet. denied);[4]
Cameron v. Terrell & Garrett, Inc., 599 S.W.2d 680, 682 (Tex. Civ.
App.CFort
Worth 1980),[5]
rev=d on other grounds, 618
S.W.2d 535 (Tex. 1981); Whitson Co. v. Bluff Creek Oil Co., 278 S.W.2d
339, 347 (Tex. Civ. App.CFort Worth 1955),[6]
aff=d, 293
S.W.2d 488 (Tex. 1956).  Because Rotella
concedes that he was MRCH=s agent, his contention that he
cannot be liable for the tort causes of action is erroneous.  Rotella=s third
issue is overruled.  

VI. 
Fraudulent Intent 

In his final issue, Rotella complains that the record
is devoid of any evidence of fraudulent inten,t and hence, the fraud and
knowing violation of the DTPA claims must be reversed.  








In his brief, however, Rotella fails to cite to the record
or to any authority in support of this contention.  We are mindful that appellate briefing is to
be construed liberally.  Howeth
Inves., Inc v. White, 227 S.W.3d 205, 212 (Tex. App.BHouston [1st
Dist.] 2007, no pet.).  However, as one
of our sister courts has noted, 

.
. . [P]ursuant to the Rules of Appellate Procedure, [a] brief must contain a
clear and accurate statement of the arguments made in the body of the brief
with appropriate citations to authorities and to the record.  Rule 38 requires [Appellant] to provide this
Court with such discussion of the facts and the authorities relied upon as may
be requisite to maintain [his] point at issue. 
Brief, conclusory statements, unsupported by argument or citation to
legal authority, are insufficient to comply with these requirements and present
nothing for this Court to review. 

 

Martinez v. Leeds, 218 S.W.3d 845, 848-49 (Tex. App.CEl Paso 2007, no
pet.) (citations omitted).

Because Rotella
has presented nothing for this court to review, we overrul issue four.

 

 

 

 

 

 








VII.  Conclusion

Having overruled issues one and two presented by Rotella
and MRCH, and  having overruled Rotella=s third issue and
held that his fourth issue presented nothing for review, we affirm the judgment
of the trial court.  

 

 

BOB MCCOY

JUSTICE

 

PANEL B:    DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DELIVERED: March 6, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]Rotella=s trial counsel withdrew
on January 12, 2007, and Rotella did not retain new counsel until March 2007.





[3]Tex.
Bus. & Com. Code Ann. ' 17.50 (Vernon Supp.
2007).





[4]@=A corporation=s employee is personally
liable for tortious acts which he directs or participates in during his
employment.=  The law is well‑settled that a
corporate agent can be held individually liable for fraudulent statements or
knowing misrepresentations even when they are made in the capacity of a
representative of the corporation.@  Kingston,
82 S.W.3d at 758-59 (citations omitted).





[5]AAlthough an agent is
generally not liable for contracts made by him for the benefit of his
principal, the agent can be held personally liable to a third person for
damages arising out of intentional deceit in procuring such contracts under
certain circumstances.  In cases where
liability attaches, the principal is liable both in contract and in tort.  The agent, however, is liable only in tort.@  Cameron, 599 S.W.3d at 682 (citations
omitted).





[6]A[A]n agent is always
primarily liable for his own torts despite the fact that his principal is
likewise responsible by and through him under the doctrine of respondeat
superior . . . .@  Whitson Co., 278 S.W.2d at 347.