Opinion issued December 22, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00775-CV

                                                         
01-11-00767-CV

———————————

Dorinda Allison, Appellant

V.

Post-Newsweek
Stations Houston LP D/B/A KPRC TV, Appellee

* * * *

CAMELL Allison, Appellant

V.

Post-Newsweek
Stations Houston LP D/B/A KPRC TV, Appellee

 



 



 

On Appeal from the County Civil Court at Law No. 3 

Harris County, Texas



Trial Court Case No. 920,781

 



 

MEMORANDUM OPINION

Appellants Dorinda
Allison (“Dorinda”) and Camell
Allison (“Camell”) bring separate challenges to the
trial court’s grant of summary judgment in favor of appellee,
Post-Newsweek Stations Houston, a limited partnership d/b/a KPRC TV (“KPRC”).  In her appeal, Dorinda
argues that (1) she did not receive proper notice of KPRC’s motion for summary
judgment, (2) KPRC’s motion for summary judgment was improperly based solely on
merits-preclusive deemed admissions, and (3) the trial court improperly denied
her motion for new trial.  In his
restricted appeal, Camell argues that reversal is
warranted because the return of service shows that he was served with an
incorrect pleading.

          We affirm.

BACKGROUND

          In June 2008, KPRC filed an original
petition against Dorinda and Camell,
both individually and doing business as Party King.  In this underlying suit on a sworn account,
KPRC alleged that it had entered into an agreement to provide Dorinda and Camell with
advertising services; that it had provided those services; that appellants had
failed to make payments on the account; and that, as a result of this failure,
KPRC had sustained damages totaling $30,000.00 plus interest and attorneys’
fees. In late July 2008, a process server filed copies of the original petition
citation and officer’s return and affidavit of service with the Harris County
Clerk, claiming that Camell had been served with “a
true copy of the Citation & Plaintiff’s Original Petition with Requests for
Disclosure and Requests for Admissions.” 


          The following month, the trial court
granted KPRC’s request for default judgment against Camell
and Dorinda and then voided it shortly
thereafter.  In September 2008, KPRC sent
its requests for disclosure, admissions and production and its first set of
interrogatories to Dorinda.  Dorinda never
responded or moved to set aside her deemed admissions.  

KPRC also requested an interlocutory default judgment against
Camell.  The
trial court granted this motion in October 2008, citing Camell’s
failure to appear or answer in his behalf. 
Dorinda, however, was expressly excluded from
this interlocutory default judgment.  

In November 2008, a letter was filed with the court asking it
to set aside the October default judgment against Camell.  Although it stated that “we are asking [the
court] to ‘set aside’ this judgment,” only Dorinda’s
name and signature appear on the letter. 
A notice of hearing on the motion to set aside the default judgment was
also filed with the court.  The blank
entitled “party requesting hearing” on the pre-printed notice of hearing form
was completed (in handwriting) with “Dorinda/Camell Allison” but contained no signature.   The trial subsequently granted Camell a new trial.  

In February 2009, a request for continuance (in the form of a
letter) and a notice of hearing were filed with the court.  The signatures of Dorinda
and Camell appeared on the letter, and both names
were listed (in handwriting) as the parties requesting the hearing on the
preprinted notice of hearing form.  The
trial court granted the motion for continuance and then reset the trial date to
May 2009.  That same month (February
2009), KPRC mailed its first set of discovery requests (including a request for
disclosure, request for admissions, request for production, and
interrogatories) to Camell.  

In April 2010, two years after serving requests for
admissions on Dorinda and one year after serving
discovery requests on Camell, KPRC filed a motion for
summary judgment against Dorinda and Camell.  Neither
filed a response; Dorinda claimed that this was
because she was never served with notice of the summary judgment motion or
hearing.  The trial court then entered
judgment for KPRC and against both appellants. Dorinda
filed a motion for new trial, motion to withdraw deemed admissions, and a
motion for severance.  The motion for new
trial was overruled by operation of law, and Dorinda
timely filed a notice of appeal.  Within
six months of the date of the judgment, Camell filed
a restricted appeal.

 

 

 

DORINDA’S APPEAL

Notice of Summary Judgment Hearing

In her first issue, Dorinda argues
that the trial court erred by granting KPRC’s motion for summary judgment and
denying her motion for new trial because she did not receive sufficient notice
of the motion before the hearing.  The trial court’s decision on a new
trial motion is subject to review for abuse of discretion. Cliff
v. Huggins, 724 S.W.2d 778, 778–79 (Tex. 1987); Strackbein
v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984).

The record contains a
“green card” showing that the motion for summary judgment was delivered to Dorinda’s
business address on April 13, 2010, where it was signed for by Desiree Loase.  The motion
was received more than the required twenty-four days’ notice prior to the date
on which the motion for summary judgment was set for submission.  See
Lewis v. Blake, 876 S.W.2d 314, 316 (Tex. 1994) (requiring 24 days minimum
notice of a summary judgment hearing when motion is served by mail). Dorinda argues that she never received the motion from Loase, citing United
Nat’l Bank v. Travel Music of San Antonio, Inc., 737 S.W.2d 30, 37 (Tex.
App.—San Antonio 1987, writ ref’d n.r.e.),
for the proposition that notice is ineffective when signed for by someone other
than the intended addressee.  

However, United Nat’l
Bank dealt with service of citation under Rules 103 and 106(a)(2) of the Texas Rules of Civil Procedure; the present case
deals with a motion for summary judgment and is governed by Rules 21a and
166a.  Thus, we consider whether Dorinda received proper notice under Rule 21a.

Proper notice to the nonmovant of the summary-judgment hearing is a prerequisite to summary
judgment, the absence of which violates the nonmovant’s due process rights. Tanksley
v. CitiCapital Commercial Corp., 145 S.W.3d 760,
763 (Tex. App.—Dallas 2004, pet. denied). Notice may be served on the nonmovant by delivering a copy via certified or registered
mail to the party’s last known address. See Tex.R. Civ. P. 21a. Service by mail is
complete upon deposit of the document, enclosed in a postpaid, properly
addressed wrapper, in a post office or official depository under the care and
custody of the United States Postal Service. Id. A certificate by a
party or an attorney of record is prima facie evidence of the fact of service. Id.
Accordingly, Rule 21a creates a presumption that a notice
of hearing setting, if mailed pursuant to the Rule, was received by the
intended recipient. See Cliff, 724 S.W.2d at 780; Approx. $14,980 v.
State, 261 S.W.3d 182, 187 (Tex. App.—Houston [14th Dist.] 2008, no pet.).
The intended recipient, however, may rebut this presumption by offering proof
of non-receipt. Cliff, 724 S.W.2d at 780; see also Tex. R. Civ. P.
21a (“Nothing [in Rule 21a] shall preclude any party from
offering proof that the notice or instrument was not received. . . .”); see also Ruiz v. Nicolas Trevino Forwarding Agency, Inc., 888 S.W.2d
86, 88 (Tex. App.—San Antonio 1994, no writ) (holding that certificate of
service created only rebuttable presumption, which “vanished” when appellant
filed a sworn affidavit denying receipt of notice and appellee failed to produce “green card” verifying timely
service of notice).

Here, Dorinda contends that she
rebutted the presumption created by the certificate of service by offering her
affidavit, in which she testified that she was not Desiree Loase,
the person listed on the green card who signed for the letter at Dorinda’s business address.[1]  Dorinda also asserted
that Desiree Loase never gave her the letter.  KTRK responds that it complied with Rule 21a
by delivering notice to appellant’s place of business, which she had designated
as her address for service pursuant to Rule 57.  KPRC produced a “green card” as evidence of
delivery to Dorinda’s place of business.  We agree with KPRC.

 It is universally
recognized that notice to [an] agent is notice to the principal.  Elite Towing, Inc. v. LSI Fin. Group, 985 S.W.2d 635, 642 (Tex.
App.—Austin 1999, no pet.).  Dorinda never claims that Loase
did not have authority to sign for her mail. 
Instead, Dorinda points to her own affidavit
in which she affirms that she is not Desiree Loase
and that she (Dorinda) did not receive the motion for
summary judgment from Desiree Loase.  The affidavit, though, contains no evidence
that Loase was not Dorinda’s
authorized agent or had no authority to sign for her
mail at the address that she had designated for service of process.  At most, then, the affidavit shows that Loase, after receiving the motion, did not give it to Dorinda.  However, an
“[a]ppellant cannot excuse himself because of the
negligence or oversight of his own attorney or employees.”  Mackay v. Charles W. Sexton Co., 469 S.W.2d 441, 445 (Tex. Civ.
App.—Dallas 1971, no writ).  “To hold otherwise would allow the
manipulation of receipt for notices and would undermine and render useless the
provisions of Rule 21a.” Elite
Towing, 985 S.W.2d at 644.  

This case is similar to those for which a green card
indicates delivery, but the mail is unclaimed. 
The notice in that instance is sufficient if properly addressed.  See Wright v. Wentzel, 749 S.W.2d 228,
232 (Tex. App.—Houston [1st Dist.] 1988, no writ).  The defendant must then deny receipt and that
the recipient was an agent to receive mail at that address.  Here, there is no allegation by Dorinda that the notice was not properly addressed.  Nor is there a denial by Dorinda
that Loase was authorized to receive mail on Dorinda’s behalf at the address Dorinda
had designated for service of process.

In Blackbird v. Blackbird, No. 01-09-00409, 1991 WL 140945, *6 (Tex.
App.—Houston [1st Dist.] Aug. 1, 1991, writ denied) (mem. op., not
designated for publication) the appellant argued that the trial court erred in denying
his motion for new trial after a default judgment was entered against him and
provided an affidavit alleging that he did not receive proper notice of a
deposition or hearing on a motion for sanctions. Id.  The appellee
controvered appellant’s lack of notice allegation by
providing proof that notice was sent to the appellant’s last known address by
certified mail, return receipt requested, and that someone at that address
accepted delivery on appellant’s behalf. 
Id.  The burden then shifted back to appellant to
show that his failure to respond was not the result of conscious
indifference.  Id.

Here, Dorinda claimed lack of
notice, which KPRC controverted by presenting a green
card showing delivery at Dorinda’s designated place
of business, where it was accepted by Loase on Dorinda’s behalf. 
The burden then shifted back to Dorinda to
show that her failure to respond to the summary judgment was not intentional or
the result of conscious indifference.  See Carpenter v. Cimmarron Hydrocarbons Corp.,
98 S.W.3d 682, 683, 684 (Tex. 2002) (discussed below).   Dorinda presented
no evidence showing that Loase was not authorized to
receive mail on Dorinda’s behalf at the address Dorinda had designated for service of process.

 

 

Right to New Trial

In her third
issue, Dorinda contends that the trial court erred in
denying her motion for new trial under Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124 (Tex. 1939). A trial court
abuses its discretion by denying a motion for new trial when the defaulting
party in a post-answer default judgment establishes that it has met the test
set forth in Craddock. Cliff, 724 S.W.2d at 778–79. The Craddock
test provides that a default judgment should be set aside and a new trial
granted if (1) the failure to answer was not intentional or the result of
conscious indifference but was due to a mistake or accident, (2) the defendant
sets up a meritorious defense, and (3) the motion is filed at such time that
granting a new trial would not result in delay or otherwise injure the
plaintiff. In re R.R., 209 S.W.3d 112, 114–15 (Tex. 2006) (citing Craddock, 133 S.W.2d
at 126). To meet the Craddock test in a
post-answer default judgment, however, the defaulting party need only establish
that he did not receive notice of the trial setting, which is the first element
of Craddock, and the other
elements need not be established. See Mathis v. Lockwood,
166 S.W.3d 743, 744 (Tex. 2005); Green v. McAdams, 857 S.W.2d 816, 819 (Tex. App.—Houston
[1st Dist.] 1993, no writ). The same requirements have been applied to motions
for new trial following “default” summary judgments. Mosser v. Plano Three Venture,
893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ).

However,
when a motion for new trial is filed after summary judgment is granted on a
motion to which the nonmovant failed to timely
respond when the respondent had notice of the hearing and an opportunity to
employ the means our civil procedure rules make available, the standard set out
in Craddock does not apply.  Carpenter,
98 S.W.3d 688. 

Instead, Carpenter holds that a motion for leave
to file a late summary judgment response should be granted if the litigant establishes
good cause for failing to timely respond by showing that (1) the failure to
respond was not intentional or the result of conscious indifference, but the
result of accident or mistake, and (2) allowing the late response will occasion
no undue delay or otherwise injure the party seeking summary judgment.  Id. at 688.

As
discussed earlier, Dorinda presented no evidence to
show that her failure to respond was not intentional or the result of conscious
indifference.  There is only the bare
assertion in her affidavit that she did not receive the notice, which is
insufficient to show a lack of intent or conscious indifference. See Carpenter,
98 S.W.3d 688.  There is no evidence that the notice was
delivered to an incorrect address or that Loase was
unauthorized to receive mail at Dorinda’s place of
business.  Nor is there evidence of any
other accident or mistake.  Accordingly,
we cannot say that the trial court abused its discretion in denying Dorinda’s motion for new trial to allow her to file a late
response to the motion for summary judgment.

Accordingly, we overrule Dorinda’s first
and third issues on appeal.

Propriety of Summary
Judgment Based on Deemed Admissions

In her second issue, Dorinda argues
that the trial court erred in granting KPRC’s motion for summary judgment
because the only evidence presented by KPRC in support of that motion was in the
form of merits-preclusive deemed admissions.

          Even if we were to agree that the
trial court erred by refusing to withdraw Dorinda’s
deemed admissions, such error would be harmless because other evidence
submitted by KPRC in its motion for summary judgment was sufficient to support
the judgment.

For KPRC
to succeed in its suit on a sworn account, it was required to prove (1) a sale
and delivery of goods or services, (2) the charges on the account are just, i.e.,
the prices are charged in accordance with an agreement or, in the absence of an
agreement, are the usual, customary and reasonable prices for that good or
service; and, (3) the amount remains unpaid.
 See Andrews v. East Tex. Med. Ctr.—Athens,
885 S.W.2d 264, 266 (Tex. App.—Tyler 1994, no pet.).  

As KPRC notes, deemed admissions were a large component of
the motion for summary judgment, but were not the only evidence offered.  Attached as Exhibit “C” to
the motion was the affidavit of Eddy Fisher, KPRC’s credit and collections
clerk.  Fisher’s affidavit stated
that Dorinda and Camell had
an account  with
KPRC, that Dorinda and Camell
had failed to make payment on the account, that the amount of $30,000.00. was due, owing, and unpaid, that that within Fisher’s
personal knowledge, this amount was just and true, due and owing, and that all
just and lawful offsets, payments and credits had been allowed.  KPRC also attached a credit application signed
by Dorinda, along with numerous invoices.  

Rule 185 of the Texas Rules of Civil Procedure states:

When any action or defense is founded upon an open
account or other claim for goods, wares and merchandise, including any claim
for a liquidated money demand based upon written contract or founded on
business dealings between the parties, or is for personal service rendered, or
labor done or labor or materials furnished, on which a systematic record has
been kept, and is supported by the affidavit of the party, his agent or
attorney taken before some officer authorized to administer oaths, to the
effect that such claim is, within the knowledge of affiant, just and true, that
it is due, and that all just and lawful offsets, payments and credits have been
allowed, the same shall be taken as prima facie evidence thereof, unless the
party resisting such claim shall file a written denial, under oath. A party
resisting such a sworn claim shall comply with the rules of pleading as are
required in any other kind of suit, provided, however, that if he does not
timely file a written denial, under oath, he shall not be permitted to deny the
claim, or any item therein, as the case may be. No particularization or
description of the nature of the component parts of the account or claim is
necessary unless the trial court sustains special exceptions to the pleadings.

 

Tex. R. Civ.
P. 185. 

Fisher’s affidavit satisfies the requirements of this
rule.  Moreover, although Dorinda filed a letter with the court disputing KPRC’s
claim, it was not made under oath as required by Rule 185.  Thus, Fisher’s affidavit constituted prima
facie evidence of KPRC’s claim.  See Andrews, 885
S.W.2d at 267.  Furthermore,
although Dorinda claims otherwise in her reply, KPRC
provided evidence of its attorneys’ fees. 
Even viewing the evidence in the light that most favors
Dorinda, as we must, there is no disputed issue of
material fact.  

          We overrule Dorinda’s second issue on appeal.

Conclusion Regarding Dorinda’s Appeal

          We affirm the trial
court’s judgment against Dorinda.

CAMELL’S RESTRICTED
APPEAL

In his restricted appeal, Camell
argues that the July 2008 return of service is defective and therefore
constitutes error on the face of the record warranting reversal of the trial
court’s judgment against him.  

Standard of Review

A party filing a restricted appeal must
demonstrate that (1) he filed the appeal within six months of the date the
judgment was rendered; (2) he was a party to the suit; (3) he did not
participate in the hearing that resulted in the judgment complained of or file
any post-judgment motions or appeals; and (4) error is apparent on the face of
the record. Tex. R.
App. P. 26.1(c), 30; Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004).
Camell’s appeal concerns only the fourth
element.  The face of the record in a
restricted appeal consists of the papers on file with the trial court when it
rendered judgment, including the clerk’s record and any reporter’s record. Miles v. Peacock, 229
S.W.3d 384, 387 (Tex. App.—Houston [1st Dist.] 2007, no pet.). 

Service of Incorrect Pleading

Camell argues that the return of service
shows that he was served with an incorrect pleading because the citation itself
identified the document to be served as the “Original Petition,” while the
return of service states that Camell was served with
a “true copy of the Citation & Plaintiff’s Original Petition with Requests
for Disclosure and Request for Admission.” 
No Requests for Disclosure were included in the Original Petition or
attached as an additional document.

          Service of citation must be in strict compliance with the
rules of civil procedure to establish jurisdiction over a defendant and support
a default judgment. Wilson v. Dunn, 800 S.W.2d 833,
836 (Tex. 1990); Uvalde Country Club v. Martin Linen Supply Co., 690
S.W.2d 884, 885 (Tex. 1985); Barker CATV Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 792 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). If strict compliance is not shown, the service of
process is invalid and of no effect. Uvalde Country Club, 690 S.W.2d at 885. We make no presumptions of valid
issuance, service, or return of citation when examining a default judgment. Id.
We note, however,
that strict compliance with the rules does not require “obeisance to the minutest detail.” Ortiz
v. Avante Villa at Corpus Christi, Inc., 926
S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied) (quoting Herbert
v. Greater Gulf Coast Enters., Inc., 915 S.W.2d 866, 871 (Tex. App.—Houston
[1st Dist.] 1995, no writ)). As long as the record as a whole, including the
petition, citation, and return, shows that the citation was served on the
defendant in the suit, service of process will not be invalidated. Regalado
v. State, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ); Ortiz,
926 S.W.2d at 613; Payne & Keller Co. v. Word, 732 S.W.2d 38, 41
(Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.).

Camell cites two cases in support of his
argument: Primate Const., Inc. v. Silver,
884 S.W.2d 151 (Tex. 1994) and Shamrock Oil Co. v. Gulf Coast Natural Gas,
Inc., 68 S.W.3d 737 (Tex. App.—Houston
[14th Dist.] 2001, pet. denied).  In both
cases, default judgments were reversed because the returns of service contained
incorrect descriptions of the pleadings served on the defendants.  See
Primate, 884 S.W.2d at 152 (return
stated that defendant was served with original petition while citation referred
to second amended petition); Shamrock,
68 S.W.3d at 738–39 (return failed to indicate which version of petition was
served on defendant).

          KPRC argues that these cases are
distinguishable because, unlike in Primate
and Shamrock, the return of service
leaves no doubt as to whether the defendant was served with the original or an
amended petition.  Specifically, KPRC
points out that both the citation and the return of service refer to the same
petition, i.e., the “Original Petition.” 
We agree that Primate and Shamrock are distinguishable.  In those cases, it was impossible to compare
the citation with the return and determine which petition was served on the
defendant.  However, here, both the
citation and the return of service refer to the “Original Petition,” and there
can be but one “Original Petition” in a case. 
The addition of the phrase “with Requests for Disclosure and Requests
for Admissions” to the return does not create any confusion as to which
petition was served—there was only one petition.  KPRC admits that no discovery was included
with the citation and petition, but the issue is not whether Camell was served with discovery, but whether he was served
with the petition.  We hold that the record as a whole,
including the petition, citation, and return, shows that the citation of the
“Original Petition” was served on Camell, thus service
of process will not be invalidated.  As
such, Camell cannot show error on the face of the
record, and his restricted appeal fails.

Conclusion Regarding Camell’s Restricted Appeal

          We affirm the trial
court’s judgment against Camell.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

 











[1]
          We note that Dorinda’s
business address is the address that Dorinda provided
the court in compliance with Tex. R.
Civ. P. 57.  The record also
contains “green cards” showing KPRC had previously served documents on Dorinda at this address.