**Tracy TANKSLEY, Appellant**

v.

**CitiCAPITAL COMMERCIAL CORPORATION and Attorneys Robert J. Reagan, William McLain, And Juanita Edgecomb, Appellees.**

No. 05–03–00978–CV.

Court of Appeals of Texas, Dallas.

Sept. 1, 2004.

Rehearing Overruled Oct. 11, 2004.

Tracy Tanksley, Dallas, pro se.

Robert J. Reagan, Reagan and McLain, Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, and LANG.

## OPINION

Opinion by Justice LANG.

Tracy Tanksley, pro se, appeals the summary judgment rendered against him in favor of CitiCapital Commercial Corpo-

ration and attorneys Robert J. Reagan, William McLain, and Juanita Edgecomb. Tanksley brings four issues on appeal: (1) the trial court erred because there was not proper proof of mail service notifying him of the summary judgment hearing and the trial court's granting of summary judgment denied his right to a jury trial; (2) the trial court erred by denying his request for proof of authority; (3) the trial court denied his due process ·and due course of law rights; and (4) the summary judgment evidence was factually insufficient. We reverse and remand to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

CitiCapital Commercial Corporation (CitiCapital) financed Tanksley's purchase of a 1995 Kenworth Model T600 Truck and a 1999 Dorsey Model Flatbed Trailer. Tanksley defaulted under the terms of their finance agreement. CitiCapital notified Tanksley of his default and advised him that if he failed to timely cure his default, then it would accelerate the payments and repossess the truck and trailer. Tanksley failed to timely cure his default and CitiCaptal accelerated the payments. CitiCapital also learned that the truck and trailer might be in the possession of Anthony Montgomery. CitiCapital sent letters to Tanksley and Montgomery demanding the immediate surrender of the truck and trailer, and disclosure of their location. Tanksley and Montgomery did not surrender or disclose the location of the truck and trailer.

CitiCapital sued Tanksley and Montgomery alleging conversion and applied for a writ of sequestration. Later, CitiCapital nonsuited Montgomery. After Montgomery was nonsuited, Tanksley filed his answer, counter-claims and cross-claims adding attorneys Robert J. Reagan, William

McLain, and Juanita Edgecomb as cross-defendants. Also, Tanksley filed his demand for a jury trial. In addition, Tanksley filed a motion challenging the attorney of record based on fraud and lack of agreement for notice of appearance, but did not set his motion for a hearing.

CitiCapital moved for traditional summary judgment on its claim against Tanksley pursuant to Texas Rule of Civil Procedure 166a(c). CitiCapital and attorneys Reagan, McLain, and Edgecomb moved for no evidence summary judgment on Tanksley's counter- and cross-claims pursuant to Texas Rule of Civil Procedure 166a(i). Copies of the motion for summary judgment and the notice of the hearing were sent to Tanksley by certified mail, return receipt requested and by regular mail to the address used by Tanksley on his pleadings. The certified mail items were not claimed by Tanksley. Tanksley did not appear at the summary judgment hearing. After an evidentiary hearing on whether service of motion and notice had been made upon Tanksley, and the summary judgment motion itself, the trial court granted summary judgment. The summary judgment awarded CitiCapital $35,880.90, awarded Reagan, McLain, and Edgecomb $6,000 in attorneys fees, and ordered that Tanksley take nothing in his counter and cross claims.

After the trial court granted the summary judgment, Tanksley filed a verified motion for continuance·or in the alternative motion for new trial, a notice of fraud upon the court, and a motion for findings of fact and conclusions of law. Tanksley did not request a hearing on these motions. He appeals the summary judgment.

## PROOF OF SERVICE AND NOTICE OF HEARING

In his first issue on appeal, Tanksley argues that the summary judgment pro-

cess circumvents his constitutional right to a jury trial, that there is no proof that he was served with the motion for summary judgment and notice of hearing, and that the summary judgment is a "death penalty" sanction.

### Applicable Law

The right to summary judgment exists only in compliance with Texas Rule of Civil Procedure 166a. The movant must comply with all the requirements of the rule before being entitled to summary judgment. *Rozsa v. Jenkinson*, 754 S.W.2d 507, 509 (Tex.App.-San Antonio 1988, no writ). The nonmovant's right under Texas Rule of Civil Procedure 166a(c) is to have minimum notice of the hearing on the summary judgment motion. *Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex.1994). *See also Guinn v. Zarsky*, 893 S.W.2d 13, 16 (Tex. App.-Corpus Christi 1994, no writ). Proper notice to the nonmovant of the summary judgment hearing is a prerequisite to summary judgment. *Rozsa*, 754 S.W.2d at 509. Lack of notice to the nonmovant of the hearing on a motion for summary judgment violates the nonmovant's due process rights. *Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex.App.-Fort Worth 1996, no writ).

■ A nonmovant is entitled to 21 days notice of the hearing or submission date on a motion, counting from the date the motion and notice of hearing were served. TEX.R. CIV. P. 166a(c). If the motion for summary judgment and the notice of hearing are served by mail, they must be mailed at least 24 days before the hearing. *Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex.1994). If the motion for summary judgment is served separately from the notice of hearing, the notice must contain a certificate of service and it must be served at least 24 days before the hearing. *Guinn*, 893 S.W.2d at 16–17.

■ Texas Rule of Civil Procedure 21a provides the methods for service. TEX.R. CIV. P. 21a. Rule 21a sets up a presumption that when notice of a trial setting is properly addressed, postage is prepaid, and it is mailed, that the notice was duly received by the addressee. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). This presumption may be rebutted by an offer of proof of nonreceipt. *Id.* A certificate of service by a party or attorney of record, a return of an officer, or the affidavit of any person showing service of a notice of the summary judgment hearing date is prima facie evidence of service. *Id.* An attorney's testimony that the nonmovant or the nonmovant's attorney received notice of the summary judgment hearing is not evidence. *Guinn*, 893 S.W.2d at 17 (when the record does not contain a certificate of service, a return of an officer, or the affidavit of any person showing service of the notice of the summary judgment hearing, an attorney's testimony that he included a notice of hearing and certificate of service in an envelope, placed the envelope in the mail, and received the certified return receipt card was not evidence that nonmovant had notice of the summary judgment hearing).

■ Summary judgment is a harsh remedy. *E.g.*, *Guinn*, 893 S.W.2d at 17. Reviewing courts will strictly construe summary judgment in procedural and substantive matters against the movant. *E.g.*, *id.*

### Application of the Law to the Facts

■ The motion for summary judgment in the record contains, on its last page, a certificate of service and a "Fiat." The certificate of service states the following:

I hereby certify that on May 7, 2003, a true and correct copy of the above and foregoing instrument was served by cer-

tified mail return receipt requested, sufficient postage prepaid, on each of the parties or attorney of record identified as follows.

Tracy Tanksley

4041 W. Wheatland No. 156–312

Dallas, Texas 75237

The "Fiat" does not include a date or time for the hearing on the motion for summary judgment. It states:

A hearing on the foregoing Motion for Summary Judgment is set to be heard before this court in its courtroom, 600 Commerce Street, 6th Floor, Dallas Texas [sic] on ——, 2003 at —.M.

SIGNED ————, 2003.

However, the record also contains a Notice of Hearing, bearing the court's file stamp of May 15, 2003, which states:

Notice is hereby given that a hearing on Plaintiff/Counter–Defendant CitiCapital Commercial Corporation's and Cross Defendants' Motion for Summary Judgment has been scheduled for 8:45 a.m. on Friday, June 6, 2003, at the 116th Judicial District Court, 600 Commerce Street, Dallas County, Texas.

[emphasis omitted]. Additionally, the certificate of service attached to the Notice of Hearing, states the following:

I hereby certify that on May 13th, 2003, [sic] a true and correct copy of the above and foregoing was served by certified mail, return receipt requested, sufficient postage prepaid, on each of the parties or attorney of record identified as follows.

Tracy Tanksley

4041 W. Wheatland No. 156–312

Dallas, Texas 75237

Prior to hearing oral argument on the motion for summary judgment, the trial court held a hearing on the record regarding Tanksley's failure to appear and proper notice of the hearing. Counsel for CitiCapital, Reagan, McLain, and Edgecomb stated on the record that notice was sent to Tanksley by certified mail return receipt requested and that the internet tracking system indicated that the notice had been returned to the sender because it was unclaimed. Counsel also stated that the motion for summary judgment was sent to Tanksley by certified mail return receipt requested, but was undelivered. In addition, counsel stated that although the certificates of service do not state that the notices were sent by regular mail, it is the practice of his office to do so. Further, appellant preserved for appeal the issue of his lack of notice by filing his verified motion for new trial. *Aguirre v. Phillips Properties, Inc.,* 111 S.W.3d 328, 333–34 (Tex.App.-Corpus Christi 2003, pet. denied); *Smith,* 918 S.W.2d at 672.

The record does not contain a certificate of service by a party or attorney of record stating that the notice was sent by regular or first class mail, a return of an officer, or the affidavit of any person showing service. The certificate of service contains reference only to certified mail, which appellees acknowledge was returned undelivered. Statements by counsel for CitiCapital, Reagan, McLain, and Edgecomb to the trial court, at the hearing for the motion for summary judgment, that the notices were also sent by regular mail does not meet the requirement of Rule 21a. *Guinn,* 893 S.W.2d at 17. Furthermore, a hearing for summary judgment is for argument only. No oral testimony may be presented. Tex.R. Civ. P. 166a(c); *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 269 n. 4 (Tex.1992); *Martin v. Cohen,* 804 S.W.2d 201, 203 (Tex.App.-Houston [14th Dist.] 1991, no writ). We conclude that the record does not reflect the required notice to Tanksley.

Tanksley's first issue is decided in his favor.

## CONCLUSION

In view of our disposition of Tanklsey's first issue on appeal, we need not address his remaining issues. TEX.R.APP. P. 47.1. We reverse the trial court's summary judgment and remand this case for further proceedings. TEX.R.APP. P. 43.2(d).