Affirmed and Memorandum Opinion filed July 15, 2010

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00698-CV



 

Donald L. Young, Doris Young,
Curtis Holcomb, and Donna Holcomb,
Appellants

V.

Galveston Bleak House Realty,
Inc., Appellee

 



On Appeal from the County Court
at Law No. 1

Galveston County, Texas

Trial Court Cause No. 57,404



 

MEMORANDUM  OPINION

This suit arises from a dispute as to
ownership of several parcels of real property.  The trial court granted
appellee’s motion for partial summary judgment regarding Lot 26 and severed
that portion of the judgment from the remaining claims.  In four issues,
appellants complain that the trial court erred in granting summary judgment and
severance and in granting their attorney’s motion to withdraw.  We affirm.

I.   Background

This case involves title to property in Galveston
County, Lot 26, Block 4, West Kemah, Section 1, recorded in Volume 254-A, Page
52 (“Lot 26”).  Galveston Bleak House Realty, Inc., (“Bleak House”)[1]
filed the underlying suit against appellants, Donald and Doris Young and Curtis
and Donna Holcomb, to clear title to Lot 26.  Suit was also filed against Two
Story Enterprises, Inc. (“TSE”), a company alleged to be wholly owned by either
Curtis or Donna Holcomb.  

Bleak House obtained Lot 26 on March 6, 2007, in a
foreclosure sale wherein Chris Di Ferrante, as substitute trustee for TSE, the
mortgagor of Lot 26, conveyed title to Bleak House.  On June 12, 2007, Donna,
on behalf of TSE, filed notice of lis pendens on Lot 26 alleging pending
litigation in Galveston County and federal bankruptcy court.  Thereafter, Bleak
House filed suit to clear title to Lot 26.  Donna filed a counterclaim alleging
that Donald entered into an agreement with Donna, TSE, and others to borrow
against his homestead, which included Lot 26.  Donna claimed that Di Ferrante
filed suit against Donald, Donna, TSE, and others alleging the loan arrangement
amounted to a fraudulent transfer of Lot 26.  The Youngs and the Holcombs filed
several notices of lis pendens on Lot 26, culminating with a final notice filed
March 3, 2008, alleging pending litigation in cause numbers 52,700, 52,700-A,
52,700-B in Galveston County, 14-07-00969-CV and 14-07-995-CV in the Fourteenth
Court of Appeals, and 06-8044 in the United States District Court for the
Southern District of Texas Houston Division.  

On May 27, 2008, appellee filed a motion for summary
judgment concerning Lot 26 alleging that none of the lawsuits listed in the lis
pendens were sufficient to maintain notices against Lot 26.  Appellee alleged
that the only issue of title in either cause number 52,700 or 06-8044 had been
decided against appellants in a final summary judgment in cause number 52,700. 
The judgment in that cause number was based on Donna’s counterclaim that Di Ferrante’s
lien on Lot 26 was a sham sale of a homestead.  The same claim was alleged and
rejected in bankruptcy court.  According to the motion for summary judgment,
cause number 52,700-A was severed from 52,700 and only involved Di Ferrante’s
claims against TSE and Donna Holcomb on the note and Donna’s guaranty of the
note that was part of the sham transaction.  Final judgment in that cause was
rendered on July 13, 2006.  Final judgment in cause number 52,700-B was
rendered August 16, 2007.  Cause number 14-07-00995-CV was dismissed in this
court for failure to pay the filing fee.  Cause number 14-07-00969-CV was
dismissed in this court for want of jurisdiction.  

Appellee moved for summary judgment seeking a
declaration that no defendant had an interest or ownership in Lot 26 and each
of the lis pendens filed against the property were invalid as a matter of law. 
Appellee further moved to sever the issue of ownership of Lot 26 from the other
lots in appellants’ lawsuits.  Appellee served the motion on appellants by
mailing it certified mail, return receipt requested to appellants and their
attorney.  Appellants failed to file a response to appellee’s motion.

On May 21, 2008, appellants’ attorney filed a motion
to withdraw as counsel in which he asserted he was unable to effectively
communicate with appellants and a breach of the attorney-client relationship had
occurred.  On June 9, 2008, the trial court granted the attorney’s motion and
permitted him to withdraw.  On June 19, 2008, appellants filed a motion for
continuance of the hearing on appellee’s motion for summary judgment on the
grounds that they were without counsel.  On that same day, appellee filed a
third-amended motion for partial summary judgment on several tracts of land
other than Lot 26.  On June 23, 2008, the trial court granted summary judgment
as to Lot 26 and granted appellee’s motion to sever.  Appellants appeal from
that order.[2]

II.   Summary Judgment

In their first two issues, appellants argue the trial
court erred in granting summary judgment because the judgment is not supported
by legally and factually sufficient evidence.  Appellants further argue that
they were never served with the motion for summary judgment, and that Doris
Young was under bankruptcy jurisdiction at the time the motion was filed.  

A.   Service of the
Summary-Judgment Motion

Proper notice to the nonmovant of the summary-judgment
hearing is a prerequisite to summary judgment.  Tanksley v. CitiCapital
Commercial Corp., 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied).
 Lack of notice to the non-movant of the hearing on a motion for summary judgment
violates the non-movant’s due process rights.  Id.  A certificate of
service by a party or attorney of record, a return of an officer, or the
affidavit of any person showing service of a motion for summary judgment is
prima facie evidence of service.  Cliff v. Huggins, 724 S.W.2d 778, 779–80
(Tex. 1987).  

The motion for summary judgment in this case contains
on its last page, a certificate of service, reflecting the following:

I hereby certify that on this
the 27th day of May 2008, true and correct copies of the foregoing instrument
were forwarded via facsimile and/or certified mail, return receipt requested,
to all counsel of record, and that the original of same has been filed with the
County Clerk of Galveston County, Texas

Donna
Holcomb and Curtis Holcomb, pro se

4021 Oak
Lane

Houston,
Texas 77518

 

Donald and
Doris Young

45 W. 5th

Kemah,
Texas 77565

 

Mr. Wade
Williams

LEWIS &
WILLIAMS

2200
Market, Suite 750

Galveston, Texas 77550

Appellants presented no evidence to rebut the
presumption of notice.  Therefore, we presume appellants and their attorney had
notice of the motion for summary judgment.  See Cliff, 724 S.W.2d at
780.  Appellants appear to complain about an amended motion for summary
judgment they allege was filed on the date of the hearing.  The amended motion,
however, was filed with regard to a different parcel of land, not Lot 26.

B.   Bankruptcy

Doris Young contends transfer of the property on
March 6, 2007, was void because the sale was held in violation of the automatic
bankruptcy stay.  The filing of a petition in bankruptcy operates to stay
actions and proceedings against the debtor.  11 U.S.C.A. § 362(a) (West 2010). 
The actions stayed include foreclosure sales such as the sale that took place
in this case.  11 U.S.C.A. § 362(a)(4).  In general, acts taken in violation of
the automatic stay are void and without legal effect.  Kalb v. Feuerstein,
308 U.S. 433, 438–39 (1940).  There is no evidence in the record, however, that
Doris was in bankruptcy at the time the property was sold.  Therefore, there is
no evidence that the sale was consummated in violation of the stay.

C.   Traditional Motion
for Summary Judgment

Bleak House filed both a traditional motion for
summary judgment and a no-evidence motion.  In its traditional motion, Bleak House
alleged there were no genuine issues of material fact on the validity of the
lis pendens filed by each of the defendants as they were invalid as a matter of
law.  In its no-evidence motion, Bleak House alleged there was no evidence that
appellants had any legal or beneficial interest in Lot 26 or any right to claim
a lien or encumbrance upon it.  Appellants filed no response.  The trial court
granted summary judgment, determining that appellants “do not own any legal or
beneficial interest in Lot 26” and that the lis pendens notices are invalid.  The
trial court further denied the counterclaims filed by Donna and Curtis Holcomb.

The movant for summary judgment has the burden of
showing there is no genuine issue of material fact and it is entitled to summary
judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  Reviewing a summary
judgment, we take evidence favorable to the nonmovant as true, and indulge
every inference and resolve every doubt in the nonmovant’s favor.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  A plaintiff
moving for summary judgment on its own cause of action must conclusively prove
each element of the cause of action.  MMP, Ltd. v. Jones, 710 S.W.2d 59,
60 (Tex. 1986).  The movant must establish his entitlement to summary judgment
on the issues expressly presented to the trial court by conclusively proving
all essential elements of his cause of action or defense as a matter of law.  City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The
non-movant must expressly present to the trial court any ground that would
defeat the movant’s right to summary judgment by filing a written answer or
response to the motion, and if he fails to do so, he may not later assign any
new ground as error on appeal.  Id. at 678–79.  However, on appeal there
is no requirement that a non-movant respond to the motion in order to claim that
the grounds expressly presented to the trial court are insufficient as a matter
of law to support the judgment.  Id. at 678.  Accordingly, appellants
may challenge legal sufficiency of the evidence to support the summary
judgment.  Id.  

A traditional summary judgment is proper when the
plaintiff conclusively proves each element of his cause of action.  MMP,
Ltd., 710 S.W.2d at 60.  Pertinent to the severed action herein,
Bleak House bore the burden of conclusively proving (1) that appellants owned
no legal or beneficial interest in Lot 26 or any lien or encumbrance on Lot 26
and that Bleak House was the sole owner of Lot 26, and (2) that the lis pendens
notices should be canceled.

Attached to Bleak House’s motion for summary judgment
is a deed of trust dated March 6, 2007, transferring Lot 26 to Di Ferrante and
Bleak House.  Also attached are three notices of lis pendens filed by appellants. 
In the first notice, signed October 3, 2006, Donald and Doris Young assert that
Lot 26 is subject to pending lawsuits in cause numbers 52,700 and 52,700-A.  In
another notice, appellants assert the property is subject to pending lawsuits
in cause number 52,700-A and 52,700-B in Galveston County County Court,
14-07-00969-CV and 14-07-00995-CV in this court, and 06-08044 in bankruptcy
court.  In the third notice, appellants claim the property is subject to
pending lawsuits in cause number 52,700 in Galveston County Court, 06CV1248 in
Galveston County District Court, and 06-08044 in the bankruptcy court.

The lis pendens statute gives litigants a method to
constructively notify anyone taking an interest in real property that litigation
is pending against the property.  In re Collins, 172 S.W.3d 287, 292 (Tex.
App.—Fort Worth 2005, orig. proceeding).  A notice of lis pendens may be filed
during the pendency of an action involving (1) title to real property, (2) the
establishment of an interest in real property, or (3) the enforcement of an
encumbrance against real property.  Tex. Prop. Code Ann. § 12.007(a) (Vernon
Supp. 2009).  If a notice of lis pendens satisfies the requirements of section
12.007, the trial court many not cancel it except as provided in section
12.008.  See Tex. Prop. Code Ann. § 12.008 (Vernon 2004); In re
Collins, 172 S.W.3d at 293.  In this case, the trial court did not cancel
the lis pendens in accordance with section 12.008; therefore, we must determine
whether the lis pendens complies with section 12.007.  

Section 12.007(b) of the Texas Property Code
provides:

The party filing a lis pendens
or the party’s agent or attorney shall sign the lis pendens, which must state:

(1) the style and number, if any, of the proceeding;

(2) the court in which the proceeding is pending;

(3) the names of the parties;

(4) the kind of proceeding; and

(5) a description of the property affected.

Tex. Prop. Code Ann. §
12.007(b) (Vernon Supp. 2009).  

To meet the requirements of section 12.007, the action
involving real property must be pending.  Id.  Here, any issue as to
title to the real property had been finally determined in each of the causes of
action alleged in the notices of lis pendens.  Because none of the causes of
action were still pending at the time Bleak House filed its motion for summary
judgment, the trial court did not err in canceling the lis pendens.

The summary-judgment evidence before the trial court
showed that Bleak House owned the property, that appellants had no interest in
the property, and that none of the causes of action listed in the notices of
lis pendens were pending.  We conclude the evidence was legally sufficient to
support the summary judgment.

D.   No-Evidence Motion
for Summary Judgment

Bleak House moved for a no-evidence summary judgment,
arguing, “There is no evidence that the Youngs have any legal or beneficial
interest in Lot 26, or any right to claim a lien or encumbrance upon it.”  After
adequate time for discovery, a party without presenting summary-judgment evidence
may move for summary judgment on the ground that there is no evidence of one or
more essential elements of a claim or defense on which an adverse party would
have the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  Absent a timely
response, a trial court must grant a no-evidence motion for summary judgment
that meets the requirements of Rule 166a(i).  Id.; Landers v. State
Farm Lloyds, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no
pet.).  If a non-movant wishes to assert that, based on the evidence in the
record, a fact issue exists to defeat a no-evidence motion for summary
judgment, he must timely file a response to the motion raising this issue
before the trial court.  Landers, 257 S.W.3d at 746.  

In this case, Bleak House filed suit against the
Youngs and bore the burden of proof for declaration that the Youngs had no
legal or beneficial interest in Lot 26.  The Holcombs filed counterclaims
alleging a fraudulent transfer of the property, but the Youngs did not file any
counterclaims.  Because Bleak House bore the burden of proof, its no-evidence
motion does not fit within the parameters of rule 166a(i).  However, the error
in granting a no-evidence summary judgment is rendered harmless because the
trial court did not err in granting Bleak House’s traditional summary
judgment.  See FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872–73 (Tex. 2000) (“[Court of appeals] must affirm summary judgment if any . .
. grounds are meritorious.”).  We overrule appellants’ first two issues. 

III.   Severance

In their third issue, appellants contend the trial
court erroneously granted a severance of the summary judgment on Lot 26 from
other issues that were pending between the parties in the trial court.  After
reviewing the record, we find no indication that appellants objected to
severance in the trial court, thus preserving his complaint for appellate
review.  Because appellants failed to preserve error with regard to severance, we
overrule their third issue.  See Tex. R. App. P. 33.1; Shank, Irwin,
Conant & Williamson v. Durant, Mankoff, Davis, Wolens & Francis,
748 S.W.2d 494, 501 (Tex. App.—Dallas 1988, no writ).

IV.   Motion for Continuance

In their fourth issue, appellants contend the trial
court erred in denying their motion for continuance.  On June 19, 2008, the
Youngs filed a motion for continuance alleging they were not prepared for the
summary judgment hearing because their attorney had been permitted to withdraw
“just days before this hearing.”  Prerequisite to presenting a complaint for
appellate review, the record must show the complaint was made to the trial
court by a timely request, objection, or motion, and the trial court (1) ruled
on the request, objection, or motion, either expressly or impliedly, or (2)
refused to rule on the request, objection, or motion, and the complaining party
objected to the refusal. Tex. R. App. P. 33.1(a).  Here, the record does not show
the trial court ruled on appellants’ motion for continuance.  Therefore,
appellants have failed to preserve error on this issue.  Washington v. Tyler
Indep. Sch. Dist., 932 S.W.2d 686, 690 (Tex. App.—Tyler 1996, no writ)
(party’s failure to obtain written ruling on motion for continuance of summary-judgment
hearing waived any error).  We overrule appellants’ fourth issue.

V.   Appellee’s Motion for
Sanctions

Appellee alleges appellants filed a frivolous appeal
and requests this court to assess sanctions pursuant to Texas Rule of Appellate
Procedure 45.  Appellee alleges that appellants have improperly extended the
lis pendens on the property that the trial court canceled by filing this
appeal.

If we determine that an appeal is frivolous, we may
award damages to the prevailing party.  See Tex. R. App. P. 45.  Although
imposition of sanctions is within our discretion, we may do so only in
circumstances that are truly egregious.  Angelou v. African Overseas Union,
33 S.W.3d 269, 282 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  In
determining whether sanctions should be imposed, we weigh the following factors:
(1) failure to present a complete record; (2) raising issues for the first time
on appeal, even though preservation of error was required in the trial court;
(3) failure to file a response to a request for appellate sanctions; and (4)
filing an inadequate brief.  Tate v. E.I. Du Pont de Nemours & Co.,
954 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1997, no pet.).  This court
has determined that in order to assess sanctions, we must find the appeal to be
both objectively frivolous and subjectively brought in bad faith or for the
purpose of delay.  See Azubuike v. Fiesta Mart, Inc., 970 S.W.2d 60, 66
(Tex. App.—Houston [14th Dist.] 1998, no pet.).  In determining the propriety
of sanctions, this court views the record from the appellants’ point of view at
the time the appeal was filed, and we may not consider any matter that is not
in the record, briefs, or other papers filed in this court.  Id. 

In this case, appellants failed to present a complete
record, filed inadequate briefs, and raised issues for the first time on
appeal.  Further, they filed no response to appellee’s motion for sanctions. 
It does not appear from the record, however, that appellants subjectively filed
the appeal in bad faith.  Accordingly, appellee’s motion for sanctions is
overruled.

The judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Seymore, and Brown.

 









[1]
Bleak House is a real estate agency wholly owned by Chris Di Ferrante.





[2]
We note that Curtis Holcomb did not file a brief with this Court.