

## NUMBER 13-17-00395-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ROY SHANNON ROBERTS,                                              Appellant,

v.

GAIL G. FARGASON,                                                Appellee.

On appeal from the County Court at Law No. 2
of Montgomery County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant, Roy Shannon Roberts, appeals a summary judgment rendered in favor

of appellee, Gail G. Fargason.   By two issues, Roberts argues that summary judgment

was erroneous because:   (1) substituted service on Roberts was defective as a matter

of law; and (2) Roberts was never served notice of the summary judgment hearing. We affirm.

## I.    BACKGROUND[1]

In June 2015, Fargason entered into a contract with Roberts for Roberts to perform construction work for Fargason.[2]  The contract price was $83,900 to be paid in four installments, including a 30% down-payment which Fargason paid on June 30, 2015 in the amount of $25,170.

Shortly after paying Roberts the down payment, Fargason attempted to reach Roberts on numerous occasions regarding conflicting contract terms, but Roberts did not respond to any communication attempts.  Fargason then sent Roberts a demand letter to the address Roberts listed on the contract via certified mail, regular first-class mail, and electronically to two e-mail addresses that Roberts had previously used to communicate with Fargason.[3]  Roberts did not respond to the demand letter.

On March 22, 2016, Fargason sued Roberts to recover her down-payment.  She requested that citation issue for service at Robert's residence "or any place where he may be found."  As proof of Roberts's residential address, Fargason submitted an affidavit stating her research revealed that Roberts registered a vehicle to his residential address one year prior to suit.[4]  Fargason hired a process server to serve Roberts at his

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas.  See TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

[2] Roberts does business as Progress Construction.

[3] The certified mail was returned to Fargason, but the first-class mail and electronic mail were presumed delivered as they were not returned as undeliverable.

[4] Roberts admitted in his motion for new trial that he lived at this residence at the time of the lawsuit.

2

residence. The process server made four unsuccessful attempts to serve Roberts and left his contact information tagged on the door each time he attempted service.[5] Additionally, the process server attempted to serve Roberts at a different business for which Roberts was listed as the registered agent, but he was unsuccessful.

On June 24, 2016, Fargason filed a motion for substituted service on Roberts, supported by affidavits of Fargason's counsel and the process server in which they asserted that Roberts was evading service. The trial court granted the motion and ordered that Fargason serve Roberts by a manner that the evidence showed to "be reasonably effective to give the defendant notice of the suit." *See* TEX. R. CIV. P. 106(b)(2). The court ordered that Fargason serve Roberts by: (1) mailing the citation and copy of the petition by both first-class and certified mail to Roberts's residence; (2) mailing them by both first-class and certified mail to the address listed on the contract; and (3) sending them to both e-mail addresses that Roberts had previously used to communicate with Fargason. According to the return of service, Roberts was served on August 4, 2016 at 4:40 p.m. in accordance with the trial court's order.

On October 12, 2016, two months after substituted service, Fargason filed a motion for default judgment and served Roberts in the same manner as above. The default motion contained a non-military affidavit in which Fargason's counsel testified that she did not have a social security number or date of birth for Roberts, which prevented her from verifying that Roberts was not in the military, though she had no facts or information to suggest that Roberts was serving in the military.[6] Consequently, on

---

[5] After his first attempt at service, the process server received a phone call from Roberts's wife. The process server noticed Roberts was retrieving mail at the residence and vehicles at the residence were being moved between the server's visits to the property.

[6] Roberts does not allege he is in the military, nor does he make that complaint on appeal.

October 17, 2016, the trial court appointed an attorney ad litem on behalf of Roberts. *See* 50 U.S.C.A. § 3931 (West, Westlaw through Pub. 116-5) ("[If . . . it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant." See 50 U.S.C.A. § 3931(b)(2) (West, Westlaw through 2017 1st C.S.). No order was entered on the motion for default judgment. On November 2, 2016 the ad litem appeared on behalf of Roberts and filed an answer denying each and every allegation in Fargason's petition.

On March 10, 2017, Fargason filed a traditional motion for summary judgment on her claims, along with a notice setting a hearing for March 31, 2017. Fargason served the ad litem with the same. On March 29, the ad litem filed a report stating he reviewed copies of the documents on file, corresponded with Fargason's counsel, filed an answer on November 2, 2016, but was unsuccessful in his efforts to reach Roberts. On March 31, 2017, the trial court granted Fargason's motion for summary judgment and awarded her $25,170.00 in damages plus $4,740.00 in attorney's fees.

On April 27, 2017, a retained attorney appeared on behalf of Roberts and filed a motion for new trial asserting that citation was defective, that Roberts was unaware of the pending litigation until after the judgment was signed, and that Roberts had a meritorious defense. After considering Roberts's motion and Fargason's response, the trial court denied Roberts's motion for new trial. This appeal followed.

## II. SERVICE OF PROCESS

By his first issue, Roberts claims the trial court erred in granting summary judgment in favor of Fargason because "substituted service on Roberts was defective as a matter of law." According to Roberts, "while the court's final judgment was not labeled a 'default

4

judgment[,]' the court's granting of summary judgment served as a default judgment" and "there is no proof on the record that [Roberts] was ever served in the manner required by statute."

Contrary to Roberts's assertion, the record establishes that the trial court did not grant Fargason's motion for default judgment. Instead, the trial court appointed an attorney ad litem, who made a general appearance on behalf of Roberts. Therefore, the trial court's summary judgment did not serve as a default judgment.

Rule 121 of the Texas Rules of Civil Procedure provides that "an answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." TEX. R. CIV. P. 121. Here, the ad litem filed a general appearance. By filing an answer and making a general appearance, the ad litem waived any alleged defects in service, if any. *In re $475,001.16*, 96 S.W.3d 625, 628 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that appellant waived his right to challenge defects in service when his attorney ad litem filed an answer and made a general appearance). Therefore, Roberts waived his right to challenge any alleged defects in service. *See id*. Nonetheless, Fargason made at least five failed attempts to achieve personal service on Roberts before requesting substituted service under rule 106(b). *See* TEX. R. CIV. P. 106 (providing that a party need only show that attempts have failed under either Rule 106(a)(1) or Rule 106(a)(2)). In addition, Fargason provided service in the manner directed by the trial court and submitted a return of service. "[T]o require proof of actual notice upon substituted service would frustrate Rule 106(b)'s purpose of providing alternate methods for plaintiffs" in Fargason's position. *State Farm*

5

*Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (per curiam). Accordingly, we overrule his first issue.

### III.    SUMMARY JUDGMENT

By his second issue, Roberts asserts that summary judgment was improper because Roberts was never properly served notice of a summary judgment hearing.[7]

### A.    Applicable Law

A motion for summary judgment and notice of the hearing must be served on opposing counsel at least twenty-one days before the hearing date. TEX. R. CIV. P. 166a(c). A movant must comply with all procedural requirements of 166a, including notice requirements, before being entitled to summary judgment. *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied). A nonmovant has the right to minimum notice of the summary judgment hearing. *Id*. "Proper notice to the nonmovant of the summary judgment hearing is a prerequisite to summary judgment." *Id*. Summary judgment without providing proper notice results in a due process violation and mandates reversal. *Id*.

"[W]hen a party is represented by counsel who has made an appearance, rules 8 and 21a require that all communications be sent to the party's attorney," rather than the party. *Morin v. Boecker*, 122 S.W.3d 911, 914 (Tex. App.—Corpus Christi 2003, no pet.); *see* TEX. R. CIV. P. 8 (requiring all communications from counsel to be sent to the party's

---

[7] Roberts also generally asserts that the ad litem "wholly failed to execute his duties in this case and arguably should not have been appointed in the first place." However, he fails to provide any discussion, argument, authority, or substantive analysis. *See Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 409 (Tex. App.—El Paso 2009, no pet.) (holding the issue inadequately briefed when the argument consisted of only three conclusory sentences). As such, we hold Roberts inadequately briefed this complaint, and we decline to address it. *See* TEX. R. APP. P. 38.1(i).

attorney); TEX. R. CIV. P. 21a (requiring that motions be served on the opposing party, his agent, or his attorney).

**B.     Discussion**

The record reflects, and Roberts does not dispute, that the ad litem filed an appearance on November 2, 2016.   Thus, from November 2, 2016 forward, that pleading designated the ad litem as the attorney in charge.   Fargason was therefore obligated to send all communications, including notice of the summary judgment motion and its corresponding hearing, to the ad litem.   *See* TEX. R. CIV. P. 8 ("On the occasion of a party's first appearance through counsel, the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein.").

Here, Fargason's motion for summary judgment and notice of the March 31, 2017 hearing contained a certificate of service, which stated the following:

> I hereby certify that a true and correct copy of the foregoing instrument was served upon the [ad litem] via the court's electronic filing system, as well as by electronic notification, certified mail return receipt requested and e-mail on March 10, 2017 . . . .

Thus, Fargason served the ad litem with the summary judgment motion and its corresponding notice of hearing through the electronic filing system, certified mail, and e-mail at least twenty-one days before the hearing in accordance with the rules of civil procedure.   *See* TEX. R. CIV. P. 8; *id*. 21a; *see also Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) (holding that a certificate of service by a party or attorney of record, a return of an officer, or the affidavit of any person showing service of a notice of the summary judgment hearing date is prima facie evidence of service).   Because Roberts was

properly served with notice at least twenty-one days before the scheduled hearing, we overrule his second issue.

## IV.     CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
18th day of April, 2019.